Battle, J.
 

 We concur in the opinion expressed by his
 

 Honor, in the Court below, that nothing has been shown by the defendants to prevent a recovery by the plaintiff. The obvious meaning of the covenant was, that the defendants were, either jointly or severally, to give to the plaintiff, upon his demand, a good note for the specified amount, payable to himself, or at least so endorsed to him, that he could have an immediate remedy at law, in case it should be necessary for him to resort to an action to enforce the payment of it. The bond, or sealed note, which the defendants tendered in discharge of their obligation, (to say nothing of its not being for the proper amount) was made payable twelve months after date, and upon which, therefore, the plaintiff must have, for that time, been deprived of a remedy.
 

 Another objection to it was, that without proof of a delivery of it to E. L. Dozier, the obligee, and an endorsement by him,'the plaintiff could not have sustained any action upon it at all. See the case of
 
 Marsh
 
 v.
 
 Brooks,
 
 11 Ire. Rep. 409, where it was decided that although a bill, or promissory note, may be payable to A B or bearer, or to the bearer, yet a bond cannot. That, being a deed, must be-made to some certain obligee, to whom, or for whom, it may be delivered, and then no person can claim the bond but by the assignment of the obligee under the statute; Rev. Code, ch. 13, sec. 1. See also
 
 Latham
 
 v.
 
 Respass,
 
 Busb. Rep. 138. The judgment must be affirmed.
 

 Pee CüRiAir, Judgment affirmed.